42 A.3d 138

IN THE MATTER OF RALPH V. FURINO, AN ATTORNEY AT LAW (ATTORNEY NO. 000131981).

May 2, 2012.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 11–176 and DRB 11–205, concluding on the records certified to the Board pursuant to *Rule* 1:20–4(f)(1) (default by respondent), that **RALPH V. FURINO** of **JAMESBURG**, who was admitted to the bar of this State in 1981, should be suspended from the practice of law for a period of three months for his unethical conduct in two matters, in which he violated *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), *RPC* 1.16(d) (on termination of representation, failure to surrender papers and property to

which the client is entitled), and *RPC* 8.1 (failure to cooperate with ethics authorities);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice, and that following reinstatement, he should be required to practice law under supervision and obtain a post office box for receipt of his office mail;

And good cause appearing;

It is ORDERED that **RALPH V. FURINO** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that after reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics, until the further of the Court; and it is further

ORDERED that respondent shall obtain and use a post office box for his law practice for receipt of mail; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.